IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : No. 1:21-bk01035--HWV
KK FIT, INC. :
    Debtor : Chapter 11
:     Subchapter V
:

# DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
# TO UTILIZE CASH COLLATERAL

The Motion of KK Fit, Inc. ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On May 7, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a corporation engaged in health and fitness (the "Business").

3. The Debtor's case has been filed with seven (7) affiliated entities (the "Affiliates"). The Affiliates are: KK Fit York, Inc., KK Fit South York, Inc., KK Alliance, Inc., KK Fit Hershey, Inc., KKL Fit III, Inc., KWK, Inc. and KK Fit Wyo, Inc. The Affiliates, except for KK Alliance, Inc., are hereinafter the "Operating Entities".

4. PeoplesBank (the "Bank") is believed to hold multiple security interests in most of the personal property of the Debtor and all Affiliates, including accounts, accounts receivable and cash.

5. The Debtor and the Affiliates are indebted to the Bank as follows:

    a. Loan #4200 in the approximate amount of $1,255,791.96

b. Loan #4300 in the approximate amount of $2,388,902.73

c. Loan #5500 in the approximate amount of $645,872.06

(the "Loans")

The Debtor's accounts receivable, inventory and cash are Cash Collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code. The Cash Collateral secures all of the Loans.

6. The Debtor is believed to have assets as follows:

   a. Minimal Accounts Receivable

   b. The Operating Entities each have monthly Membership Payments of approximately $260,000.00 per month. The value of the continuing memberships may be as high as $600,000.00. KK Fit Alliance currently has no members.

   c. Equipment having a value of approximately $300,000.00 (net of any equipment leases or equipment financing agreements)

   d. Minimal Inventory

   e. Cash on hand of approximately $200,000.00 for all entities

7. In addition to the items of collateral set forth in paragraph 5 above, the Bank has three (3) mortgage liens on certain real estate owned by KK Fit Real Estate, LLC (another affiliate of the Debtor) having an address of 298 Pauline Drive, York Township, York, Pennsylvania (the "Real Property"). The Real Property has a value of approximately $1,300,000.00. Loan #5500 granted by PeoplesBank is also secured on the residence of the Debtor's principal, Kurt Krieger, which is located at 1080 Wyndsong Drive, Spring Garden Township, York, Pennsylvania (the "Residence"). The Residence has a value of approximately $650,000.00.

8. As a result of all of the collateral upon which the Bank has a lien, the Debtor believes that the Bank has adequate protection.

## THE NEED FOR CASH

9. The Debtor currently has fifty-seven (57) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's members. The employees provide services to the Operating Entities.

10. The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. Attached hereto as Exhibit "A" and made a part hereof is a thirty (30) day cash flow budget for the Debtor. The Debtor has instituted various overhead cuts and has made operational changes so that, as set forth on Exhibit "A" it is believed that the Debtor can continue to operate.

11. In addition to the items set forth on the budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for Quarterly Fees owed to the Office of the U.S. Trustee.

12. As set forth above, the Debtor believes it can operate on a profitable basis. In addition to cutting overhead costs, the Debtor is taking steps to attempt to obtain additional reimbursements from insurers and the state and federal governments.

13. Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

14. In order to provide adequate protection to the Bank, the Debtor proposes to provide the Bank with a replacement lien in post-Petition Cash Collateral, and all other assets in which the Bank has a pre-Petition security interest and lien and to the extent that

the Bank is secured in pre-Petition Cash Collateral. The replacement lien shall only be effective to the extent there is a diminution in the amount of Cash Collateral post-Petition. To the extent that such replacement lien is insufficient and the Bank has a shortfall resulting any diminution resulting from the Debtor's use of Cash Collateral and all other categories of assets upon which the Bank has a pre-Petition lien, and to the extent the Bank is secured in Cash Collateral, the Bank shall be granted an administrative claim superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement lien shall be effective without further recordation.

15. Given the Bank's collateral position, the Debtor believes that the Bank is adequately protected. The Debtor also intends to pay interest to the Bank on a regular basis.

16. The Debtor will provide financial information to the Bank as reasonably requested, upon appropriate notice.

**WHEREFORE**, KK Fit, Inc., the above named Debtor, respectfully requests that this Honorable Court enter an Order:

    a. Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

    b. Granting a replacement lien to PeoplesBank as set forth above, conditioning the Debtor's use of Cash Collateral upon the granting of a replacement lien to PeoplesBank with such replacement lien to be in post-Petition inventory, receivables and cash to the extent there is any diminution in value of PeoplesBank's collateral position, as it may exist pre-Petition, as well as a continuing lien in all categories of assets as the Bank holds in pre-Petition assets of the Debtor. All such liens granted to the Bank shall be in such priority as exists pre-Petition. Further the

Bank shall have an administrative claim to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claim, having priority over all administrative claims, except those of fees owed to professionals in the case and to the Office of the U.S. Trustee;

      c.      Granting the Debtor such other and further relief as is just and proper.

                              CUNNINGHAM, CHERNICOFF
                              & WARSHAWSKY, P.C.

                          By:    /s/ Robert E. Chernicoff
                                Robert E. Chernicoff, Esquire
                                Attorney I.D. No. 23380
                                2320 North Second Street
                                P. O. Box 60457
                                Harrisburg, PA 17106-0457
                                (717) 238-6570

Date: May 7, 2021